UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

IMHOTEP SALAT,

          Plaintiff,

vs.

EVY MATUTE,

          Defendant.

2:15-cv-00224-GMN-VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

      This matter involves *pro se* Plaintiff Imhotep Salat's civil rights action against Defendant Evy Matute. Before the court is Plaintiff's Application to proceed *in forma pauperis* (#1[1]) and Complaint (#1-1). For the reasons discussed below, Plaintiff's Application to proceed *in forma pauperis* is granted and it is recommended that his Complaint be dismissed with prejudice.

## BACKGROUND

      Plaintiff entered into a lease agreement with Renaissance Villas on September 29, 2014 for a term from September 30, 2014 to September 30, 2015. (#1-1 at 8). On February 6, 2015, Plaintiff received a Five-Day Notice to Pay Rent or Quit from Renaissance Villas, signed by Defendant. (#1-1 at 6). The Notice stated that Plaintiff was in default in the payment of his rent, having failed to pay on February 1, 2015. However, the Resident Ledger submitted with Plaintiff's Application indicates that Plaintiff paid rent on February 3, 2015. (#1-1 at 7). On receipt of the Notice, Plaintiff went to the rental office to discuss the Notice with Defendant. (#1-1 at 3). Defendant "never made any contact" with Plaintiff to state that the Notice was a mistake and would be corrected.

---

[1] Parenthetical citations refer to the court's docket.

Plaintiff filed a Complaint (#1-1) and an Application to proceed *in forma pauperis* (#1) on February 9, 2015. Plaintiff alleges that Defendant's actions violated 18 U.S.C. § 1621, which defines perjury, Plaintiff's right of quiet enjoyment, and his First, Fifth, and Fourteenth Amendment rights. (#1-1 at 4). In his Application to proceed *in forma pauperis*, Plaintiff states that he is unemployed and receives a regular monthly Social Security payment. (#1).

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Plaintiff may proceed *in forma pauperis* under 28 U.S.C. § 1915; (2) whether Plaintiff's complaint states a plausible claim under 16 U.S.C. § 1621 or his rights under the First, Fifth, or Fourteenth Amendment.

### I.  Plaintiff may Proceed *in forma pauperis*

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefore, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff submitted a financial affidavit. (#1) Plaintiff's regular monthly Social Security payment is $1,181.00, and he pays $1,025.00 for rent each month The Application did not include sums for utilities or other regular monthly expenses. It states that Plaintiff is unemployed and has no money in cash or a savings or checking account. Therefore, Plaintiff's Application to proceed *in forma pauperis* is granted.

## II. Whether Plaintiff's Complaint is Frivolous, Malicious, or Fails to State a Plausible Claim

Because the court grants Plaintiff's application to proceed *in forma pauperis* (#1), it must review Plaintiff's Complaint (#1-1) to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of Plaintiff's Complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing FED. R. CIV. P. 8(a)(2)).

Additionally, in evaluating whether a plaintiff has met a pleading standard, courts are directed to hold *pro se* litigants to "less stringent standards." *See Haines*, 404 U.S. at 520; *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). *Pro se* complaints "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes*, 449 U.S. at 10 (citing *Haines*, 404 U.S. at 520-521).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### B. *Plaintiff's Complaint Fails to State a Plausible Claim*

The court's analysis of Plaintiff's Complaint (#1-1) proceeds in two steps: (1) whether the court has jurisdiction to entertain Plaintiff's Complaint and (2) whether Plaintiff states a plausible claim for relief. Each is addressed below.

### 1. Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). There are two statutory bases for a federal court's jurisdiction: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000…and is between (1) citizens of different states." 28 U.S.C. § 1332. Plaintiff does not bring this case to federal court based on diversity jurisdiction. The Plaintiff resides in Nevada, and claims in his Complaint that Defendant is a resident of Clark County. (#1-1).

In addition to cases based on diversity jurisdiction, federal courts have jurisdiction over cases involving a federal question. This jurisdiction exists in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In Plaintiff's Complaint (#1-1), Plaintiff asserts jurisdiction pursuant to 18 U.S.C. § 1621. However, this is a criminal statute. It does not provide a private cause of action, meaning there is not an individual right to sue based on a violation of the statute. *Roemer v. Crow*, 993 F. Supp. 834, 837 (D. Kan.) *aff'd*, 162 F.3d 1174 (10th Cir. 1998). Therefore, it cannot be a basis for a federal question that confers jurisdiction on this court.

The substance of Plaintiff's Complaint appears to be a claim for wrongful eviction that arises under state, not federal, law. Therefore, the court concludes that it lacks jurisdiction to entertain the complaint. However, because Plaintiff also relies on the First, Fifth, and Fourteenth Amendments in

support of his claim, the court turns to the second question and addresses whether Plaintiff states a plausible claim for relief arising under the Constitution.

### 2. Claim for Relief

The court evaluates Plaintiff's claims under 42 U.S.C. § 1983, though Plaintiff does not cite to the statute in his Complaint (#1-1). This statute defines the elements of a civil action for the deprivation of Constitutional rights. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and law" of the United States (2) committed by a defendant acting under the color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (U.S. 1988) (internal quotation marks omitted). "The party charged with the deprivation must be a person who may fairly be said to be a state actor." *Id.*

Plaintiff invoked the First, Fifth, and Fourteenth Amendments in his Complaint. (#1-1). Plaintiff has alleged no facts relevant to the First Amendment. This case does not involve religion, speech, press, peaceable assembly, or the right to petition the government. U.S. CONST. amend. I. Plaintiff's Complaint alleges that his right to not be "deprived of life, liberty, and property without proper due process" was violated. (#1-1 2:18-19). This phrase appears to be from the Fifth and Fourteenth Amendments, which prohibit the deprivation of property without due process of law. U.S. CONST. amend. XIV, § 1. Accepting all allegations as true and assuming that an eviction was carried out, the Plaintiff was deprived of property rights without the due process of law.

However, there is nothing in the Complaint to indicate that Defendant may fairly be said to be a state actor. The Complaint states that Defendant is being sued in her individual capacity. (#1-1). Even if she were being sued as an employee of Renaissance Villas, there is no indication that this employment connects her to any authority of the state. There is not a sufficient basis for Plaintiff to claim a violation of his Constitutional rights under Section 1983. Therefore, the court recommends that Plaintiff's federal claims be dismissed with prejudice.

Plaintiff also makes references to Defendant violating his right to quiet enjoyment within his own home and committing intentional torts. (#1-1). These claims arise under state law. Once a federal court has original jurisdiction over claims raised under a federal question, the court "shall have supplemental jurisdiction" over state law claims that are part of the same case or controversy. 28 U.S.C. § 1367(a). However, the court may decline to exercise supplemental jurisdiction over the state law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Because the court finds that it lacks jurisdiction and recommends that all claims presenting a federal question be dismissed, the court should decline to exercise supplemental jurisdiction over the state-law claims. No amendments by Plaintiff will cure the Complaint's defects. Therefore, this court recommends that Plaintiff's Complaint (#1-1) be dismissed with prejudice.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to proceed *in forma pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (#1-1) be DISMISSED WITH PREJUDICE.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

DATED this 20th day of February, 2015.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE